**Erineo CANO, Plaintiff–Appellant,**

v.

**Dora B. SCHRIRO, Director, sued in her individual & official capacity; et al., Defendants–Appellees,**

and

**Jane Doe, Health Administrator, sued in her individual & official capacity; et al., Defendants.**

No. 06–16866.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 26, 2008.*

Filed March 12, 2008.

Erineo Cano, Florence, AZ, pro se.

Before: BEEZER, FERNANDEZ and McKEOWN, Circuit Judges.

### MEMORANDUM **

Erineo Cano appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging prison officials were deliberately indifferent to his serious medical needs by failing to provide him with adequate treatment for Hepatitis C. We have jurisdiction under 28 U.S.C.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

§ 1291. We review de novo, *Morrison v. Hall,* 261 F.3d 896, 900 (9th Cir.2001), and we affirm.

The district court properly granted summary judgment on Cano's Eighth Amendment claim because Cano's conclusory allegations of inadequate medical treatment were insufficient to controvert defendants' evidence that Cano's condition was monitored appropriately and additional tests and treatment had been administered as warranted. *See Arpin v. Santa Clara Valley Transp. Agency,* 261 F.3d 912, 922 (9th Cir.2001) (holding conclusory allegations unsupported by factual data are insufficient to defeat motion for summary judgment). Cano failed to raise a triable issue of fact as to whether any of the defendants were deliberately indifferent to his medical needs. *See Farmer v. Brennan,* 511 U.S. 825, 834–35, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (holding Eighth Amendment claim requires prison official to have a sufficiently culpable state of mind).

The district court did not abuse its discretion by denying Cano's request for a continuance under Federal Rule of Civil Procedure 56(f) because Cano failed to show that "additional discovery would have revealed specific facts precluding summary judgment." *Tatum v. City and County of San Francisco,* 441 F.3d 1090, 1101 (9th Cir.2006).

The district court did not abuse its discretion by denying Cano's untimely request to amend his complaint because Cano did not demonstrate good cause. *See* Fed.R.Civ.P. 16(b); *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir.1992) (holding Rule 16 "good cause" standard controls after scheduling order establishes pleading timetable); *Coleman v. Quaker Oats Co.,* 232 F.3d 1271, 1295 (9th Cir.2000) (reviewing for abuse of discretion).

The district court properly denied Cano's motion for appointment of counsel because Cano did not demonstrate exceptional circumstances. *See Terrell v. Brewer,* 935 F.2d 1015, 1017 (9th Cir.1991).

The district court properly denied Cano's motion for the appointment of an expert under Federal Rule of Evidence 706 because Cano's action did not involve technical evidence or complex issues. *See Walker v. Am. Home Shield Long Term Disability Plan,* 180 F.3d 1065, 1071 (9th Cir.1999) (reviewing appointment of an expert under abuse of discretion standard).

We do not consider Cano's contentions regarding the validity of prior strikes against him under 28 U.S.C. § 1915 because he raises this issue for the first time on appeal. *See Allen v. Ornoski,* 435 F.3d 946, 960 (9th Cir.2006), *cert. denied,* 546 U.S. 1136, 126 S.Ct. 1140, 163 L.Ed.2d 944 (2006) (explaining that the court will not review issues not raised in district court except in special circumstances such as to prevent manifest injustice).

Cano's remaining contentions are unpersuasive.

**AFFIRMED.**